PATE *v.* THE STATE BANK OF INDIANA.

The *State Bank*, through her branch at *Lawrenceburgh*, purchased a bill of exchange drawn at *Lawrenceburgh*, payable at the *Lafayette* bank of *Cincinnati*. The bill was sent by said branch to said *Lafayette* bank, for collection, and it was protested on the 11th day of *August*, 1849, when it became due, for non-payment. On *Sunday* the 12th or *Monday* the 13th of that month, the cashier of said branch, received from the notary, through the post-office, a letter containing notices of the protest; addressed to the drawer and indorsers severally. On the same day, the teller of said branch mailed the notice to the indorser, *Pate*, in a letter directed to him at his residence. There was no evidence that the branch had endorsed the bill to the *Lafayette* bank. *Held*, that the course pursued by the notary in inclosing the notices to the several parties to said branch, was in accordance with a practice sanctioned by the

Supreme Court of *Ohio,* and was sufficient. ' *Held,* also, that the notice was mailed by the notary in due time.

Nov. Term,
1851.

PATE
v.
THE STATE
BANK OF
INDIANA.

ERROR to the *Dearborn* Circuit Court.

SMITH, J.—Assumpsit by the *State Bank of Indiana* against *Pate,* on a bill of exchange. The bill was drawn by *J. F. Cheek,* at *Lawrenceburgh,* in this state, on *E. C. Cheek,* at *Cincinnati, Ohio,* payable to the order of *L. Cheek,* at the *Lafayette* bank in *Cincinnati,* ninety days after date. *L. Cheek* indorsed the bill to the defendant, *Pate,* who indorsed to the plaintiff, the bill having been purchased by the branch of the state bank of *Indiana* at *Lawrenceburgh.* Plea, the general issue. Verdict and judgment for the plaintiff.

*Thursday,*
*December 4.*

The bill became due on the 11th of *August,* 1849, and was, on that day, presented at the *Lafayette* bank in *Cincinnati,* at the request of the cashier of that bank, for payment, and was protested for non-payment.

The notary public certified, in his instrument of protest, that he had protested the said bill for non-payment, and notified the drawer and indorsers to that effect.

There was no evidence of the manner in which such notice was given to the defendant, except the following:

On *Sunday* the 12th or *Monday* the 13th of *August,* the cashier of the branch of the state bank at *Lawrenceburgh,* received from the notary, through the post-office, a letter containing notices of the protest, addressed severally to the drawer and indorsers. On the same day, the teller of the branch at *Lawrenceburgh* mailed the notice to *Pate* in a letter directed to him at *Rising Sun,* and, also, on the same day, mailed a copy of said notice directed to him at *Aurora.* Before mailing said notices, the said teller made inquiries of several persons likely to know the residence of the said *Pate,* and was informed that he lived at *Rising Sun,* but was then temporarily at *Aurora.*

The only point made by the plaintiff in error is, that this evidence does not show that he had sufficient notice of the protest. He contends that notice should have been given him by the *notary,* and that, at least, there should

Nov. Term,
1851.

PATE
v.
THE STATE
BANK OF
INDIANA.

have been evidence that the notice was deposited in the post-office at *Cincinnati* in time to go by the next mail.

We think the evidence that the notices were received through the post-office at *Lawrenceburgh*, on *Sunday* the 12th of *August*, the next day after the bill was protested, or on the *Monday* following, is sufficient evidence that they were mailed at *Cincinnati* in due time.

The course taken by the notary in inclosing notices to the several parties to the branch of the state bank at *Lawrenceburgh*, is in accordance with a practice sanctioned by the Supreme Court of *Ohio*. That practice is, where there are several parties, to make out a notice for each one, and inclose all to the last indorser, he being the only one whose residence is supposed to be known to the holder; and if that indorser notifies those who stand before him on the paper, they all become liable. *The Ohio Life Insurance and Trust Co.* v. *McCague,* 18 Ohio R. 54.

In this case, it is true, there is no evidence that the state bank indorsed the bill, but it was sent by that institution to the *Lafayette* bank for collection, and it is scarcely to be supposed the residence of the indorsers would be known at the latter bank. We can see no impropriety, therefore, in the notices being sent to the state bank, the last holder of the paper known to the bank at *Cincinnati*, and where the residence of all the parties would be best known. The law requires only reasonable diligence and reasonable efforts, made in good faith, to notify the parties to a bill or note of its being protested, and we think it is sufficiently shown that such diligence was used in this case.

*Per Curiam.*—The judgment is affirmed with 5 *per cent.* damages and costs.

*A. Brower,* for the plaintiff.

*P. L. Spooner,* for the defendant.